UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEREMIAH ERICKSON,

    Plaintiff,

    v.   CAUSE NO.: 3:24-CV-626-TLS-AZ

WESTVILLE CORRECTIONAL FACILITY WARDEN,

    Defendant.

**OPINION AND ORDER**

Jeremiah Erickson, a prisoner without a lawyer, filed an amended complaint alleging unknown guards used excessive force against him at the Westville Correctional Facility on April 5, 2023. ECF No. 10. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Erickson alleges unknown guards jumped on and cuffed him in the 3 Dorm Dayroom near the bathroom. He alleges they took him to the stairs where they tased him before taking him to a G.S.C dry cell where they assaulted him while he was in handcuffs. He alleges several guards, including a lieutenant smashed and grated his face on a fence. He alleges they strangled him before he was stripped to his boxers and left him in a freezing cell for twelve hours without water or a toilet.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (cleaned up). Given that Erickson acknowledges he was found guilty of assaulting staff, it is possible these officers used force in a good-faith effort to maintain or restore discipline, but as alleged, this allegation states a claim for an excessive use of force in violation of the Eighth Amendment.

The Eighth Amendment also prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation, *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). The length of the deprivation is an important factor in determining whether conditions meet the objective prong of the analysis. *See, e.g.*, *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) ("An adverse condition of confinement, if endured over a significant time, can become an Eighth Amendment violation *even if it would not be impermissible if it were only a short-term problem*." (emphasis added)).

On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (cleaned up); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (finding, where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

As alleged, this complaint also states a claim against those guards who knew Erickson was placed and left in a freezing cell for twelve hours without water or a toilet while wearing only boxers. However, none of the named defendants are alleged to have been personally involved in any of the events discussed in the complaint. "A defendant cannot be held liable for a constitutional violation if she did not cause or participate in the alleged violation." *Moderson v. City of Neenah*, — F.4th —, —, No. 23-2843, 2025 WL 1355332, at *5 (7th Cir. May 9, 2025) (citation omitted). Therefore, the named defendants will be dismissed and the Westville Correctional Facility Warden added for the limited purpose of responding to discovery to identify the names of the appropriate defendants. After Erickson has the names of the guards he believes were involved, he will need to file an amended complaint naming them and specifically alleging what they did which violated his constitutional rights.

Erickson is not proceeding in forma pauperis. Therefore, the Court will not serve the Warden for him. Rather, it is his obligation to serve the Warden with a copy of the complaint and this screening order as provided by Federal Rule of Civil Procedure 4.

For these reasons, the Court:

(1) DISMISSES Galipeau, Kenneth Watts, IDOC, and Robert Carter, Jr.;

(2) DIRECTS the Clerk of Court to add the Westville Correctional Facility Warden as a defendant for the limited purpose of responding to discovery from Jeremiah Erickson;

3

(3) GRANTS Jeremiah Erickson leave to conduct discovery on the Westville Correctional Facility Warden for the limited purpose of identifying the guards who he believes were involved in using force against him on April 5, 2023, and then housing him in a G.S.C. dry cell;

(4) DIRECTS the Clerk of Court to sign and seal summons for the Westville Correctional Facility Warden; and

(5) WAIVES the Westville Correctional Facility Warden's obligation to file an answer to the complaint because Jeremiah Erickson is not proceeding against him on any claim.

SO ORDERED on May 20, 2025.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT
